Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Annie Aboulian (SBN 280693)
annie@donigerlawfirm.com
**DONIGER / BURROUGHS APC**
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff
SUSAN NICHOLSON HOFHEINZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

SUSAN NICHOLSON HOFHEINZ, an Individual,

Plaintiff,

v.

CAFÉ PRESS, INC., a California Corporation, individually and doing business as "WWW.CAFEPRESS.COM"; METAVERSE CORPORATION, a New Jersey Corporation; ZAZZLE, INC., a California Corporation, individually and doing business as "WWW.ZAZZLE.COM"; SPREADSHIRT, INC., a Pennsylvania Corporation, individually and doing business as "WWW.SPREADSHIRT.COM" and "WWW.ROBOTMONKEYPIRATE.SPR EADSHIRT.COM"; AMES BROS, INC.,

Case No. CV12-09306 MMM(MANx)

**PLAINTIFF'S COMPLAINT FOR:**

1. COPYRIGHT INFRINGEMENT;

2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT;

3. VIOLATIONS OF LANHAM ACT (15 U.S.C. 1125)

4. STATE TRADE DRESS INFRINGEMENT

5. STATE TRADEMARK INFRINGEMENT

6. STATE UNFAIR COMPETITION

Jury Trial Demanded

- 1 -

COMPLAINT

a Washington Corporation, individually
and doing business as
"WWW.AMESBROS.COM";
AMAZON.COM, INC., a Washington
Limited Liability Company; and DOES 1-
10,

Defendants.

Plaintiff SUSAN NICHOLSON HOFHEINZ (hereinafter "Hofheinz" or "Plaintiff"), by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Plaintiff Hofheinz is, amongst other things, the exclusive owner of the rights in and to a group of creepy horror films from the 1950s. These films include *Invasion of the Saucer-Men* (*"Saucer-Men"*), *I Was a Teenage Frankenstein* ("*Teenage Frankenstein*"), *I Was a Teenage Werewolf* ("*Teenage Werewolf*"), *It Conquered the World* ("*It Conquered*"), *The Amazing Colossal Man* ("*Colossal Man*"), and *Terror From the Year 5000* ("*Terror*") (collectively "Films").

Defendants, and each of them, have created, marketed, imported, distributed, and sold a number of products that violate Plaintiff's rights in and to the Films. This case seeks redress for these violations.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.* and the Lanham Act, Title 15 U.S.C. §1051, *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b), and ancillary jurisdiction, to the extent necessary, over the remaining claims.

- 2 -

COMPLAINT

3.  Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4.  Plaintiff Hofheinz is an individual residing in Southern California.

5.  Plaintiff is informed and believes and thereon alleges that Defendant CAFÉ PRESS, INC. is a corporation organized and existing under the laws of the state of New Jersey individually and doing business as WWW.CAFEPRESS.COM (collectively "CAFÉ PRESS"), and is doing business in and with the state of California.

6.  Plaintiff is informed and believes and thereon alleges that Defendant METAVERSE CORPORATION, ("METAVERSE") is a corporation organized and existing under the laws of the state of New Jersey and is doing business in and with the State of California.

7.  Plaintiff is informed and believes and thereon alleges that Defendant ZAZZLE, INC. is a corporation organized and existing under the laws of the state of California individually and doing business as WWW.ZAZZLE.COM (collectively "ZAZZLE").

8.  Plaintiff is informed and believes and thereon alleges that Defendant SPREADSHIRT, INC. is a corporation organized and existing under the laws of the state of Pennsylvania individually and doing business as "WWW.SPREADSHIRT.COM" and "WWW.ROBOTMONKEYPIRATE.SPREADSHIRT.COM" (collectively "SPREADSHIRT"), and is doing business in and with the state of California.

9.  Plaintiff is informed and believes and thereon alleges that Defendant AMES BROS, INC. is a corporation organized and existing under the laws of the state of

COMPLAINT

California individually and doing business as WWW.AMESBROS.COM (collectively "AMES BROS").

10. Plaintiff is informed and believes and thereon alleges that Defendant AMAZON.COM, INC. ("AMAZON") is a Washington Limited Liability Company doing business in and with the State of California.

11. Plaintiff is informed and believes and thereon alleges that Defendant DOES 1-10, inclusive, are manufacturers, and/or vendors (and/or agents or employees to a manufacturer or vendor) of product to Defendants, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying materials and other product exploiting the Films without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

12. Defendants DOES 6 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's rights, have contributed to the infringement of Plaintiff's rights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

13. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship

- 4 -

and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO *SAUCER-MEN*

14. Plaintiff is the exclusive owner and copyright holder for *Saucer-Men* and certain if not all of the related marketing materials. Plaintiff owns in exclusivity copyright registrations for the content at issue.

15. *Saucer-Men* and its marketing materials were published prior to the acts alleged herein.

16. Plaintiff is informed and believes that Defendants, and each of them, had access to and received *Saucer-Men* and related marketing materials prior to the acts alleged herein.

17. Plaintiff is informed and believes that Defendants, and each of them, were manufacturing or having manufactured, marketing, distributing, and selling merchandise that exploits the content and characters from *Saucer-Men* ("Accused Product").

18. Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that METAVERSE and/or AMES BROS sourced, manufactured, imported, and/or had had created the Accused Product and sold, transferred, and distributed it to CAFÉ PRESS, AMAZON and/or DOE Defendants, and those parties marketed and sold it to the public.

19. Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that Defendant CAFÉ PRESS was manufacturing or having manufactured, marketing, distributing, and selling Accused Product including, but not limited to pajamas, clothing items, and note cards.

20. Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that Defendant SPREADSHIRT was manufacturing or having manufactured, marketing, distributing, and selling Accused Product including, but not limited to clothing items.

21. The above-alleged conduct was not authorized by Plaintiff, and is in violation of Plaintiff's rights as the exclusive owner of *Saucer-Men*.

22. Certain exemplars of the Accused Product originating from and/or offered for sale by the Defendants, and each of them, are set forth below. In the images below, the viewer will find material from *Saucer-Men* and an exemplar of the Accused Product that infringes Plaintiff's rights in *Saucer-Men*:



23. A comparison of the above images makes clear that the Accused Product is substantially similar to the characters and content from *Saucer-Men*. This violates Plaintiff's copyrights in *Saucer-Men*.

COMPLAINT

24. In addition, the Accused Product violates Plaintiff's trademark and trade dress rights in its use of the name of *Saucer-Men* and certain material from *Saucer-Men* and/or its marketing on the Accused Product's packaging.

25. Defendants, and each of them, never obtained from Plaintiff permission to exploit in any way the Films, their characters, or their marketing materials.

26. Plaintiff is informed and believes and thereon alleges that the owners of the Defendants, and each of them, were personally involved in the acts of infringement alleged herein, and/or is an alter ego or proxy for the companies alleged to have committed the injurious misconduct.

## CLAIMS RELATED TO *TEENAGE FRANKENSTEIN*

27. Plaintiff is the exclusive owner and copyright holder for *Teenage Frankenstein* and certain if not all of the related marketing materials. Plaintiff owns in exclusivity copyright registrations for the content at issue.

28. *Teenage Frankenstein* and its marketing materials were published prior to the acts alleged herein.

29. Plaintiff is informed and believes that Defendants, and each of them, had access to and received *Teenage Frankenstein* and related marketing materials prior to the acts alleged herein.

30. Plaintiff is informed and believes that Defendants, and each of them, were manufacturing or having manufactured, marketing, distributing, and selling merchandise that exploits the content and characters from *Teenage Frankenstein* ("Accused Product").

31. Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that METAVERSE and/or AMES BROS sourced, manufactured, imported, and/or had had created the Accused Product and sold, transferred, and distributed it to CAFÉ PRESS, AMAZON and/or DOE Defendants, and those parties marketed and sold it to the public.

-7-

32. Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that Defendant CAFÉ PRESS was manufacturing or having manufactured, marketing, distributing, and selling Accused Product including, but not limited to clothing items and posters.

33. Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that Defendant SPREADSHIRT was manufacturing or having manufactured, marketing, distributing, and selling Accused Product including, but not limited to clothing items.

34. The above-alleged conduct was not authorized by Plaintiff, and is in violation of Plaintiff's rights as the exclusive owner of *Teenage Frankenstein*.

35. Certain exemplars of the Accused Product originating from and/or offered for sale by the Defendants, and each of them, are set forth below. In the images below the viewer will find material from *Teenage Frankenstein* and an exemplar of the Accused Product that infringes Plaintiff's rights in *Teenage Frankenstein*:

 

36. A comparison of the above images makes clear that the Accused Product is substantially similar to the characters and content from the *Teenage Frankenstein*. This violates Plaintiff's copyrights in *Teenage Frankenstein*.

37. In addition, the Accused Product violates Plaintiff's trademark and trade dress rights in its use of the name of *Teenage Frankenstein* and certain material from *Teenage Frankenstein* and/or its marketing on the Accused Product's packaging.

38. Defendants, and each of them, never obtained from Plaintiff permission to exploit in any way the Films, their characters, or their marketing materials. Plaintiff is informed and believes and thereon alleges that the owners of the Defendants, and each of them, were personally involved in the acts of infringement alleged herein, and/or is an alter ego or proxy for the companies alleged to have committed the injurious misconduct.

## CLAIMS RELATED TO *TEENAGE WEREWOLF*

39. Plaintiff is the exclusive owner and copyright holder for *Teenage Werewolf* and certain if not all of the related marketing materials. Plaintiff owns in exclusivity copyright registrations for the content at issue.

40. *Teenage Werewolf* and its marketing materials were published prior to the acts alleged herein.

41. Plaintiff is informed and believes that Defendants, and each of them, took access to and received *Teenage Werewolf* and related marketing materials prior to the acts alleged herein.

42. Plaintiff is informed and believes that Defendants, and each of them, were manufacturing or having manufactured, marketing, distributing, and selling merchandise that exploits the content and characters from *Teenage Werewolf* ("Accused Product").

43. Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that METAVERSE and/or AMES BROS sourced, manufactured,

imported, and/or had had created the Accused Product and sold, transferred, and distributed it to CAFÉ PRESS, AMAZON and/or DOE Defendants, and those parties marketed and sold it to the public.

44. Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that Defendant CAFÉ PRESS was manufacturing or having manufactured, marketing, distributing, and selling Accused Product including, but not limited to clothing items.

45. Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that Defendant SPREADSHIRT was manufacturing or having manufactured, marketing, distributing, and selling Accused Product including, but not limited to clothing items.

46. The above-alleged conduct was not authorized by Plaintiff, and is in violation of Plaintiff's rights as the exclusive owner of *Teenage Werewolf*.

47. Certain exemplars of the Accused Product originating from and/or offered for sale by the Defendants, and each of them, are set forth below. In the images below the viewer will find material from *Teenage Werewolf* and an exemplar of the Accused Product that infringes Plaintiff's rights in *Teenage Werewolf*:

//
//
//



48. A comparison of the above images makes clear that the Accused Product is substantially similar to the characters and content from the *Teenage Werewolf*. This violates Plaintiff's copyrights in *Teenage Werewolf*.

49. In addition, the Accused Product violates Plaintiff's trademark and trade dress rights in its use of the name of *Teenage Werewolf* and certain material from *Teenage Werewolf* and/or its marketing on the Accused Product's packaging.

50. Defendants, nor any of them, ever obtained from Plaintiff permission to exploit in any way the Films, their characters, or their marketing materials. Plaintiff is informed and believes and thereon alleges that the owners of the Defendants, and each of them, were personally involved in the acts of infringement alleged herein, and/or is an alter ego or proxy for the companies alleged to have committed the injurious misconduct.

//
//

COMPLAINT

## CLAIMS RELATED TO *IT CONQUERED*

51. Plaintiff is the exclusive owner and copyright holder for *It Conquered* and certain if not all of the related marketing materials. Plaintiff owns in exclusivity copyright registrations for the content at issue.

52. *It Conquered* and its marketing materials were published prior to the acts alleged herein.

53. Plaintiff is informed and believes that Defendants, and each of them, took access to and received *It Conquered* and related marketing materials prior to the acts alleged herein.

54. Plaintiff is informed and believes that Defendants, and each of them, were manufacturing or having manufactured, marketing, distributing, and selling merchandise that exploits the content and characters from *It Conquered* ("Accused Product").

55. Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that METAVERSE and/or AMES BROS sourced, manufactured, imported, and/or had had created the Accused Product and sold, transferred, and distributed it to CAFÉ PRESS, AMAZON and/or DOE Defendants, and those parties marketed and sold it to the public.

56. Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that Defendant CAFÉ PRESS was manufacturing or having manufactured, marketing, distributing, and selling Accused Product including, but not limited to clothing items, posters, postcards, aprons, tote bags, teddy bears, coasters, keepsake boxes, baby bibs, journals, mouse pads and greeting cards.

57. Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that Defendants ZAZZLE and SPREADSHIRT were manufacturing or having manufactured, marketing, distributing, and selling Accused Product including, but not limited to clothing items.

- 12 -

COMPLAINT

58. The above-alleged conduct was not authorized by Plaintiff, and is in violation of Plaintiff's rights as the exclusive owner of *It Conquered*.

59. Certain exemplars of the Accused Product originating from and/or offered for sale by the Defendants, and each of them, are set forth below. In the images below the viewer will find material from *It Conquered* and an exemplar of the Accused Product that infringes Plaintiff's rights in *It Conquered*:



60. A comparison of the above images makes clear that the Accused Product is substantially similar to the characters and content from the *It Conquered*. This violates Plaintiff's copyrights in *It Conquered*.

61. In addition, the Accused Product violates Plaintiff's trademark and trade dress rights in its use of the name of *It Conquered* and certain material from *It Conquered* and/or its marketing on the Accused Product's packaging.

62. Defendants, and each of them, never obtained from Plaintiff permission to exploit in any way the Films, their characters, or their marketing materials.

- 13 -

COMPLAINT

1    Plaintiff is informed and believes and thereon alleges that the owners of the

2    Defendants, and each of them, were personally involved in the acts of infringement

3    alleged herein, and/or is an alter ego or proxy for the companies alleged to have

4    committed the injurious misconduct.

5        **CLAIMS RELATED TO *COLOSSAL MAN***

6       63. Plaintiff is the exclusive owner and copyright holder for *Colossal Man* and

7    certain if not all of the related marketing materials. Plaintiff owns in exclusivity

8    copyright registrations for the content at issue.

9       64. *Colossal Man* and its marketing materials were published prior to the acts

10    alleged herein.

11       65. Plaintiff is informed and believes that Defendants, and each of them, took

12    access to and received *Colossal Man* and related marketing materials prior to the acts

13    alleged herein.

14       66. Plaintiff is informed and believes that Defendants, and each of them, were

15    manufacturing or having manufactured, marketing, distributing, and selling

16    merchandise that exploits the content and characters from *Colossal Man* ("Accused

17    Product").

18       67. Specifically, without limitation, Plaintiff is informed and believes and

19    thereon alleges that METAVERSE and/or AMES BROS sourced, manufactured,

20    imported, and/or had had created the Accused Product and sold, transferred, and

21    distributed it to CAFÉ PRESS, AMAZON and/or DOE Defendants, and those parties

22    marketed and sold it to the public.

23       68. Specifically, without limitation, Plaintiff is informed and believes and

24    thereon alleges that Defendant CAFÉ PRESS was manufacturing or having

25    manufactured, marketing, distributing, and selling Accused Product including, but

26    not limited to clothing items, posters, underwear, water bottles, tile coasters, bumper

27

28

COMPLAINT

stickers, greeting cards, clocks, ornaments, steins, buttons, magnets, beach totes, journals, decals, aprons, keepsake boxes, framed tiles, and baby bibs.

69. Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that Defendant ZAZZLE was manufacturing or having manufactured, marketing, distributing, and selling Accused Product including, but not limited to clothing items, mugs, and posters.

70. The above-alleged conduct was not authorized by Plaintiff, and is in violation of Plaintiff's rights as the exclusive owner of *Colossal Man*.

71. Certain exemplars of the Accused Product originating from and/or offered for sale by the Defendants, and each of them, are set forth below. In the images below the viewer will find material from *Colossal Man* and an exemplar of the Accused Product that infringes Plaintiff's rights in *Colossal Man*:




$16.95 – Amazing Colossal Man Mug



$29.95 – Amazing Colossal Man T Shirts

72. A comparison of the above images makes clear that the Accused Product is substantially similar to the characters and content from the *Colossal Man*. This violates Plaintiff's copyrights in *Colossal Man*.

73. In addition, the Accused Product violates Plaintiff's trademark and trade dress rights in its use of the name of *Colossal Man* and certain material from *Colossal Man* and/or its marketing on the Accused Product's packaging.

74. Defendants, and each of them, never obtained from Plaintiff permission to exploit in any way the Films, their characters, or their marketing materials. Plaintiff is informed and believes and thereon alleges that the owners of the Defendants, and each of them, were personally involved in the acts of infringement alleged herein, and/or is an alter ego or proxy for the companies alleged to have committed the injurious misconduct.

## CLAIMS RELATED TO *TERROR*

75. Plaintiff is the exclusive owner and copyright holder for *Terror* and certain if not all of the related marketing materials. Plaintiff owns in exclusivity copyright registrations for the content at issue.

76. *Terror* and its marketing materials were published prior to the acts alleged herein.

77. Plaintiff is informed and believes that Defendants, and each of them, took access to and received *Terror* and related marketing materials prior to the acts alleged herein.

78. Plaintiff is informed and believes that Defendants, and each of them, were manufacturing or having manufactured, marketing, distributing, and selling merchandise that exploits the content and characters from *Terror* ("Accused Product").

79. Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that METAVERSE and/or AMES BROS sourced, manufactured, imported, and/or had had created the Accused Product and sold, transferred, and distributed it to CAFÉ PRESS, AMAZON and/or DOE Defendants, and those parties marketed and sold it to the public.

80. Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that Defendant CAFÉ PRESS was manufacturing or having manufactured, marketing, distributing, and selling Accused Product including, but not limited to clothing items, dog clothing items, posters, magnets, and decals.

81. The above-alleged conduct was not authorized by Plaintiff, and is in violation of Plaintiff's rights as the exclusive owner of *Terror*.

82. Certain exemplars of the Accused Product originating from and/or offered for sale by the Defendants, and each of them, are set forth below. In the images below the viewer will find material from *Terror* and an exemplar of the Accused Product that infringes Plaintiff's rights in *Terror*:

 

83. A comparison of the above images makes clear that the Accused Product is substantially similar to the characters and content from the *Terror*. This violates Plaintiff's copyrights in *Terror*.

84. In addition, the Accused Product violates Plaintiff's trademark and trade dress rights in its use of the name of *Terror* and certain material from *Terror*

1   and/or its marketing on the Accused Product's packaging.

2       85. Defendants, nor any of them, ever obtained from Plaintiff permission to

3   exploit in any way the Films, their characters, or their marketing materials.

4   Plaintiff is informed and believes and thereon alleges that the owners of the

5   Defendants, and each of them, were personally involved in the acts of infringement

6   alleged herein, and/or is an alter ego or proxy for the companies alleged to have

7   committed the injurious misconduct.

8                              **FIRST CLAIM FOR RELIEF**

9              (For Copyright Infringement – Against All Defendants, and Each)

10      86. Plaintiff repeats, re-alleges and incorporates herein by reference as though

11  fully set forth the allegations contained in the preceding paragraphs of this

12  Complaint.

13      87. Plaintiff is informed and believes and thereon alleges that Defendants, and

14  each of them, had access to the Films, which were first released in theaters in the

15  1950s.

16      88. Plaintiff is informed and believes and thereon alleges that Defendants, and

17  each of them, misappropriated content from the Films to create, or have created,

18  products that are substantially similar to certain of the material encompassed in the

19  Films.

20      89. Plaintiff is informed and believes and thereon alleges that Defendants, and

21  each of them, infringed Plaintiff's copyright by creating, making and/or developing

22  directly infringing and/or derivative works from the Films and by producing,

23  distributing and/or selling product that infringes the Films through a nationwide

24  network of retail stores and on-line outlets.

25      90. Plaintiff is further informed and believes, and thereon alleges, that

26  Defendants, and each of them, created unlawful derivative works that were based on

27  the Films, and sold said works in commerce.

28                                    - 18 -

91. The above-stated acts by Defendants, and each of them, violated Plaintiff's exclusive right to create derivative works from Films and her exclusive right to distribute and sell product related to the Films' material.

92. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

93. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Films. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits directly and indirectly attributable to Defendants', and each of their, infringement of the Films in an amount to be established at trial.

94. Plaintiff is informed and believes and thereon alleges that the infringement of the content from the Films by Defendants, and each of them, was willful, with knowledge, reckless, and/or in blatant disregard for Plaintiff's rights as a copyright holder for the Films, and as such, Defendants, and each of them, are liable for willful, exemplary and enhanced statutory damages of up to and including one hundred and fifty thousand dollars and/or a preclusion from deducting certain costs relevant to disgorgeable profits.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against All Defendants, and Each)

95. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

96. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in and profited

- 19 -

from the illegal reproduction and/or subsequent sales of the Accused Product as alleged hereinabove.

97. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

98. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

99. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Films. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits directly and indirectly attributable to Defendants' infringement of the Films, in an amount to be established at trial.

100. Plaintiff is informed and believes and thereon alleges that the infringement of the content from the Films by Defendants, and each of them, was willful, with knowledge, reckless, and/or in blatant disregard for Plaintiff's rights as a copyright holder for the Films, and as such, Defendants, and each of them, are liable for willful, exemplary and enhanced statutory damages of up to and including one hundred and fifty thousand dollars ($150,000.00) and/or a preclusion from deducting certain costs relevant to disgorgeable profits.

//
//

- 20 -

COMPLAINT

## THIRD CLAIM FOR RELIEF

### (Violations of Lanham Act (15 USC § 1125) –

### Against all Defendants, and Each)

101. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

102. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are passing off the Accused Product under the Films' titles, and in packaging similar to and evoking that used in the Films and their marketing materials, in interstate commerce.

103. Plaintiff is informed and believes and thereon alleges that the passing off by Defendants, and each of them, of Accused Product under the Films' titles causes consumer confusion as to the source of the Accused Product and falsely implies a sponsorship or association between the Films and the Accused Product and/or the Defendants, and each of them.

104. Plaintiff is informed and believes and thereon alleges that the passing off by Defendants, and each of them, of Accused Product under the Films' titles misrepresent the nature, characteristics, and qualities of the Accused Product, as the Accused Product is not authorized product, and the packaging of the Accused Product is confusingly similar to the content in the Films and its marketing materials.

105. The above misstatements and deceptions by Defendants, and each of them, were material, and resulted in harm and damages to Plaintiff in an amount to be established at trial.

106. Plaintiff has no adequate remedy at law and is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(d).

107. Plaintiff is entitled to recover its actual damages and Defendants', and each of their, profits pursuant to 15 U.S.C. § 1117(a); treble damages pursuant to 15

U.S.C. § 1117(a) and (b); attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a); seizure of all infringing goods pursuant to 15 U.S.C. § 1116(d); and impoundment and destruction of all infringing goods pursuant to 15 U.S.C. § 1118.

## FOURTH CLAIM FOR RELIEF

### (Trade Dress Infringement in Violation of California Business and Professions Code Section 14245 – Against All Defendants, and Each)

108.    Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

109.    Defendants', and each of their, unauthorized use of material from the Films and their marketing materials in connection with the sale, offering for sale, distribution or advertising of its products is likely to cause confusion or mistake or to deceive as to the source or origin of its products in violation of California Business and Professions Code Section 14245.

110.    On information and belief, Defendants', and each of their, infringement has been with knowledge of Plaintiff's rights.

111.    Plaintiff has been, is now, and will be irreparably injured and damaged by Defendants', and each of their, aforementioned acts, and unless enjoined by the Court, Plaintiff will suffer further harm to its name, reputation and goodwill.

## FIFTH CAUSE OF ACTION

### (Trademark Infringement under Cal. Bus. & Prof. Code § 17200 and California Common Law against all Defendants)

112.    Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

113.    Defendants', and each of their, use of the Films' titles, without Plaintiff's consent, constitutes trademark infringement and unfair competition in violation of

- 22 -

California common law, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the products offered by Defendants.

114.   The acts of Defendants, and each of them, complained of herein constitute trademark infringement and unfair competition in violation of the statutory law of the State of California, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the Accused Product offered by Defendants. Plaintiff is informed and believes that unless said conduct is enjoined by this Court, Defendants, and each of them, will continue and expand those activities to the continued and irreparable injury of Plaintiff. This injury includes a reduction in the distinctiveness of Plaintiff's trademark and trade dress, and injury to Plaintiff's reputation that cannot be remedied through damages, and Plaintiff has no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctions restraining and enjoining Defendants, and each of them, and each of their agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce material from the Films or their marketing materials.

115.   As a direct and proximate result of Defendants', and each of their, willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless Defendants, and each of them, are restrained, Plaintiff will continue to suffer irreparable damage.

## SIXTH CAUSE OF ACTION

### (California Unfair Competition under Cal. Bus. & Prof. Code § 17200 and California Common Law against All Defendants)

116.   Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this

- 23 -

Complaint.

117.   By the actions alleged above, Defendants, and each of them, have engaged in false designation of origin and unfair competition in violation of the statutory law of the State of California, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by entering products into the stream of commerce, which deceived and confused members of the public as to the origin of their goods.  Plaintiff is informed and believes that unless said conduct is enjoined by this Court, Defendants, and each of them, will continue and expand those activities to the continued and irreparable injury of Plaintiff. This injury includes a reduction in the distinctiveness of the Films and injury to Plaintiff's reputation that cannot be remedied through damages, and Plaintiff has no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctions restraining and enjoining Defendants, and each of them, and each of their agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce content from the Films.

118.   As a direct and proximate result of Defendants', and each of their, willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless Defendants, and each of them, are restrained, Plaintiff will continue to suffer irreparable damage.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for relief and judgment as follows:

### ***Against All Defendants***

1.   With Respect to Each Claim for Relief

    a.   That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under 17 U.S.C. § 101, *et seq.*;

b. A disgorgement of profits and other damages arising from such infringement, pursuant to 15 U.S.C. § 1117, and award all damages called for therein;

c. An award of actual damages sustained by Plaintiff;

d. That Plaintiff be awarded its attorneys' fees as available under 17 U.S.C. § 101, *et seq.*, 17 U.S.C. § 1202, and 15 U.S.C. § 1117;

e. An injunction against continued infringement of Plaintiff's trade dress and trademark, pursuant to 15 U.S.C. § 1116, and the unfair competition provisions;

f. An injunction against continued infringement of Plaintiff's trade dress and trademark, pursuant to Cal Bus & Prof Code § 14245;

g. An order directing Defendants, and each of them, to file with the court and serve on Plaintiff a report setting forth an accounting and the manner and form in which Defendants, and each of them, have complied with the injunction, pursuant to 15 U.S.C. § 1116;

h. That Plaintiff be awarded pre-judgment interest as allowed by law;

i. That Plaintiff be awarded the costs of this action;

j. That Plaintiff be awarded treble damages and/or punitive damages in an amount sufficient to deter and punish Defendants, and each of them,, on account of each Defendant's willful violation of Federal, California, and common law; and declaring this case to be an exceptional case within the meaning of 15 U.S.C. § 1117;

k. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper;

l. That an imposition of a constructive trust be entered over all products and materials bearing, in whole or in part, any material from the Films or their marketing materials, to the extent said products and materials were

- 25 -

created, purchased, sold, advertised, or distributed in violation of Plaintiff's rights therein, as well as all registrations relating to Plaintiff's works filed by any of the Defendants and/or any third parties, and all profits, monies, royalties, and any other benefits derived or obtained by any of the Defendants from the wrongful ownership, use, purchase, sale, distribution, licensing, or exploitation of Plaintiff's works of art.

A <u>TRIAL BY JURY</u> PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: October 24, 2012       By: _____

Scott A. Burroughs, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff
SUSAN NICHOLSON HOFHEINZ

- 26 -

COMPLAINT

Stephen M. Doniger, Esq. (SBN 179314)
Scott A. Burroughs, Esq. (SBN 235718)
DONIGER/BURROUGHS, APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN NICHOLSON HOFHEINZ, an individual<br><br><br>PLAINTIFF(S)<br><br>v.<br><br>CAFE PRESS, INC., a California Corporation; et. al.<br>[See Attached "Schedule A"]<br><br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV12-09306 MMM(MAN x)<br><br><br>**SUMMONS** |

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Scott A. Burroughs, Esq._____, whose address is _DONIGER / BURROUGHS APC 300 Corporate Pointe, Ste. 355 Culver City, CA 90230_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.   You also must file your answer or motion with the court.

OCT 3 0 2012

Clerk, U.S. District Court
JULIE PRADO

Dated: _____

By: _____
Deputy Clerk

(Seal of the Court)

_[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)]._

## **"SCHEDULE A"**

SUSAN NICHOLSON HOFHEINZ, an Individual,

Plaintiff,

v.

CAFÉ PRESS, INC., a California Corporation, individually and doing business as "WWW.CAFEPRESS.COM"; METAVERSE CORPORATION, a New Jersey Corporation; ZAZZLE, INC., a California Corporation, individually and doing business as "WWW.ZAZZLE.COM"; SPREADSHIRT, INC., a Pennsylvania Corporation, individually and doing business as "WWW.SPREADSHIRT.COM" and "WWW.ROBOTMONKEYPIRATE.COM"; AMES BROS, INC., a Washington Corporation, individually and doing business as "WWW.AMESBROS.COM"; AMAZON.COM, INC., a Washington Limited Liability Company; and DOES 1-10,

Defendants.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) SUSAN NICHOLSON HOFHEINZ, an individual | DEFENDANTS CAFE PRESS, INC., a California Corporation; et. al. |
|---|---|

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Stephen M. Doniger (SBN 179314)   300 Corporate Pointe, Suite 355 Scott A. Burroughs (SBN 235718)   Culver City, California 90230 DONIGER/BURROUGHS, APC   Tel: (310) 590-1820; Fax: (310) 417-3538 | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No        ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Copyright Act of 1976, Title 17 U.S.C., § 101 et seq. - Action for misappropriation of Plaintiff's artwork used in the film/television industry.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☑ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____   **CV12-09306**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Susan Nicholson Hofheinz- Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| SEE ATTACHED "SCHEDULE A" | SEE ATTACHED "SCHEDULE A" |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  10/29/2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# "SCHEDULE A"

(b) List the County in this District; California County outside of this District: State if other than California; or Foreign Country, in which EACH named defendant resides.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| CAFÉ PRESS, INC., a California Corporation, individually and doing business as WWW.CAFEPRESS.COM- Los Angeles County<br><br>ZAZZLE, INC., a California Corporation, individually and doing business as "WWW.ZAZZLE.COM" – Los Angeles County | METAVERSE CORPORATION- New Jersey<br><br>SPREADSHIRT, INC., individually and doing business as "WWW.SPREADSHIRT.COM" and WWW.ROBOTMONKEYPIRATE.COM- Pennsylvania<br><br>AMES BROS, INC., individually and doing business as WWW.AMESBROS.COM- Washington<br><br>AMAZON.COM, INC., a Washington Limited Liability Company-Washington |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV12- 9306 MMM (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.