1  ALLAN E. ANDERSON (SBN 133672)
   TIMOTHY L. SKELTON (SBN 200432)
2  KOLLIN J. ZIMMERMANN (SBN 273092)
   ROPERS, MAJESKI, KOHN & BENTLEY
3  515 South Flower Street, Suite 1100
   Los Angeles, CA  90071-2213
4  Telephone:  (213) 312-2000
   Facsimile:  (213) 312-2001
5  Email:       aanderson@rmkb.com
                tskelton@rmkb.com
6               kzimmermann@rmkb.com

7  Attorneys for Defendant
   AMAZON.COM, INC.

8
                UNITED STATES DISTRICT COURT
9
                CENTRAL DISTRICT OF CALIFORNIA
10

11

12  SUSAN NICHOLSON HOFHEINZ, an      Case No.  CV12-09306 DSF (MANx)
    Individual,
                                      **PROTECTIVE ORDER ENTERED
13            Plaintiff,              PURSUANT TO THE PARTIES'
                                      STIPULATION**
14  v.
                                      Judge:        Dale S. Fischer
15  CAFE PRESS, INC., a California    Magistrate    Margaret A. Nagle
    corporation, et al.,
16
              Defendants.
17

18

19        Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on

20  the parties' Stipulation For Protective Order, filed on March 13, 2013, the terms of

21  the protective order to which the parties have agreed are adopted as a protective

22  order of this Court (which generally shall govern the pretrial phase of this action)

23  except to the extent, as set forth below, that those terms have been substantively

24  modified by the Court's deletion of Paragraph 1 and amendment of paragraphs 7(a),

25  7(b), and 12.1 of, and Exhibit A to, the Stipulation For Protective Order.

26        The parties are expressly cautioned that the designation of any information,

27  document, or thing as "Confidental," "Highly Confidential – Attorneys' Eyes

28  Only," or other designation(s) used by the parties, does not, in and of itself, create

1    any entitlement to file such information, document, or thing, in whole or in part,

2    under seal.   Accordingly, reference to this Protective Order or to the parties'

3    designation of any information, document, or thing as "Confidential," "Highly

4    Confidential – Attorneys' Eyes Only," or other designation(s) used by the parties is

5    wholly insufficient to warrant a filing under seal.

6          There is a strong presumption that the public has a right of access to judicial

7    proceedings and records in civil cases.  In connection with non-dispositive motions,

8    good cause must be shown to support a filing under seal.  The Court has stricken

9    the parties' good cause statement, because a specific showing of good cause or

10   compelling reasons (see below) for filing under seal, **with proper evidentiary**

11   **support and legal justification**, must be made with respect to each document or

12   item designated as "Confidential," "Highly Confidential," "Highly Confidential –

13   Attorneys' Eyes Only," or other designation(s) used by the parties, which a party

14   seeks to have filed under seal.  The parties' mere designation of any information,

15   document, or thing as "Confidential," "Highly Confidential – Attorneys' Eyes

16   Only," or other designation(s) used by the parties, does not -- **without the**

17   **submission of competent evidence, in the form of a declaration or declarations,**

18   **establishing that the material sought to be filed under seal qualifies as**

19   **confidential, privileged, or otherwise protectable** --constitute good cause.

20         Further, if sealing is requested in connection with a dispositive motion or

21   trial, then compelling reasons, as opposed to good cause, for the sealing must be

22   shown, and the relief sought shall be narrowly tailored to serve the specific interest

23   to be protected.  *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th

24   Cir. 2010).  For each item or type of information, document, or thing sought to be

25   filed or introduced under seal in connection with a dispositive motion or trial, the

26   party seeking protection must articulate compelling reasons, supported by specific

27   facts and legal justification, for the requested sealing order.  **Again, competent**

28   **evidence supporting the application to file documents under seal must be**

1  **provided by declaration.**

2      Any document that is not confidential, privileged, or otherwise protectable in

3  its entirety will not be filed under seal if the confidential portions can be redacted.

4  If documents can be redacted, then a redacted version for public viewing, omitting

5  only the confidential, privileged, or otherwise protectable portions of the document,

6  shall be filed. Any application that seeks to file documents under seal in their

7  entirety should include an explanation of why redaction is not feasible.

8      Notwithstanding any other provision of this Protective Order, in the event

9  that this case proceeds to trial, all information, documents, and things discussed or

10  introduced at trial will become public and available to members of the public,

11  including the press, unless sufficient cause is shown in advance of the trial to

12  proceed otherwise.

13      **THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND**

14  **ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE**

15  **HONORABLE DALE S. FISCHER, UNITED STATES DISTRICT JUDGE,**

16  **INCLUDING THOSE APPLICABLE TO PROTECTIVE ORDERS AND**

17  **FILINGS UNDER SEAL.**

18

19                      **TERMS OF PROTECTIVE ORDER**

20

21  **1.      [Good Cause Statement omitted by the Court]**

22  **2.      DEFINITIONS**

23      2.1.   Party:  any party to this action, including all of its officers, directors,

24  employees, consultants, retained experts, and outside counsel (and their support

25  staff).

26      2.2.   Disclosure or Discovery Material:  all items or information, regardless

27  of the medium or manner generated, stored, or maintained (including, but not

28  limited to, testimony, transcripts, or tangible things) that are produced or generated

1   in disclosures or responses to discovery in this matter.

2       2.3.   Trade Secret: information, including a formula, pattern, compilation,

3   program, device, method, technique, design or process that:  (i) derives independent

4   economic value, actual or potential, from not being generally known to the public

5   or to other persons who can obtain economic value from its disclosure or use; and

6   (ii) is the subject of efforts that are reasonable under the circumstances to maintain

7   its secrecy, as set forth in California Civil Code § 3426.

8       2.4   "Confidential" Information or Items:  information (regardless of how

9   generated, stored or maintained) or tangible things that qualify for protection under

10   standards developed under Fed. R. Civ. P. 26(c) which shall be disclosed only to

11   the parties to this litigation and their respective house and outside counsels, as set

12   forth in section 7.2 below.  Such information should fall into one or more of the

13   following categories:  (i) sales, marketing, or product or service development

14   strategies, tactics, or plans; (ii) financial data; (iii) costs of doing business; (iv)

15   customer lists; (v) business agreements and contracts; (vi) licensing negotiations

16   and agreements; and (vii) third-party documents covered by an obligation of

17   confidentiality.

18       2.5.   "Highly Confidential — Attorneys' Eyes Only" Information or Items:

19   information (regardless of how generated, stored, or maintained) or tangible things

20   that are extremely sensitive — such as trade secrets or highly sensitive business or

21   product expansion plans or developments — and whose disclosure to any person

22   other than the parties' respective outside counsel (DONIGER / BURROUGHS

23   APC for Plaintiff Susan Nicholson Hofheinz; ROPERS MAJESKI KOHN &

24   BENTLEY for Defendant Amazon.com, Inc.), as set forth in section 7.3 below,

25   would create a substantial risk of serious injury that could not be avoided by less

26   restrictive means.

27       2.6.   Receiving Party:  a Party that receives Disclosure or Discovery

28   Material from a Producing Party.

2.7.   Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.8.   Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.9.   Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.10.  Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.11.  In-House Counsel:  attorneys who are employees of a Party and who regularly provide legal advice as part of their job duties.

2.12.  Counsel (without qualifier):  Outside Counsel and In-House Counsel (as well as their support staffs).

2.13.  Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or current employee of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.14.  Professional Vendors:  persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.    SCOPE**

Any Protected Material (as defined above) may not be disseminated or disclosed outside the parameters of this Protective Order, whether that disclosure embodies the entirety of a designated document or any portion or segment thereof.

**4.    DURATION**

Even after the termination of this litigation, the confidentiality obligations

1 imposed by this Protective Order shall remain in effect until a Designating Party

2 agrees otherwise in writing or a court order otherwise directs.  Nothing contained

3 herein, however, is intended to limit or prevent parties from introducing evidence at

4 trial to prove its case.  The use of any Protected Material at trial, however, is not

5 addressed at this time, but may be the subject of future application to the District

6 Court Judge assigned to this matter as the need may arise.  Unless otherwise

7 ordered or agreed in writing by the Producing Party, after receiving notice of the

8 entry of an order, judgment, or decree finally disposing of this action, including any

9 appeals therefrom, and within sixty (60) days of receiving a request, each Receiving

10 Party shall return all Protected Material to the Producing Party, or alternatively,

11 destroy it.  If the documents were originally produced without charge, they shall be

12 returned without charge.  If they were produced at a charge, they shall be returned

13 for the same cost.  As used in this subdivision, "all Protected Material" includes all

14 copies, abstracts, compilations, summaries, or any other form of reproducing or

15 capturing any of the Protected Material.  With permission in writing from the

16 Designating Party, the Receiving Party may destroy some or all of the Protected

17 Material instead of returning it.  Whether the Protected Material is returned or

18 destroyed, the Receiving Party must submit a written certification to the Producing

19 Party (and, if not the same person or entity, to the Designating Party) by the sixty-

20 day deadline that identifies (by category, where appropriate) all the Protected

21 Material that was returned or destroyed and that affirms that the Receiving Party

22 has not retained any copies, abstracts, compilations, summaries, or other forms of

23 reproducing or capturing any of the Protected Material.  Notwithstanding this

24 provision, Counsel are entitled to retain an archival copy of all pleadings, motion

25 papers, transcripts, legal memoranda, correspondence, or attorney work product,

26 even if such materials contain Protected Material.

27

28

**5.     DESIGNATING PROTECTED MATERIAL**

        5.1.    Exercise of Restraint and Reasonable Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Protective Order must take reasonable care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take reasonable care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify for such protection so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

        Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions as provided for in the Federal Rules of Civil Procedure.  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other Parties that it is withdrawing the mistaken designation.

        5.2.    Manner and Timing of Designations.  Except as otherwise provided in this Protective Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

        Designation in conformity with this Protective Order requires:

                (a)     for information in documentary form (apart from transcripts of depositions), that the Producing Party affix the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" conspicuously on each page that contains

1    Protected Material.  If only a portion or portions of the material on a page qualifies

2    for protection, the Producing Party also must clearly identify the protected

3    portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify,

4    for each portion, the level of protection being asserted (either "Confidential" or

5    "Highly Confidential –  Attorneys' Eyes Only").

6           A Party or non-party that makes original documents or materials available for

7    inspection need not designate them for protection until after the inspecting party has

8    indicated which material it would like copied and produced.  During the inspection

9    and before the designation, all of the material shall be made available for inspection

10   only to the inspecting Party's outside attorney(s) and shall be deemed "Highly

11   Confidential – Attorneys' Eyes Only."  After the inspecting Party's outside

12   attorney(s) have identified the documents it wants copied and produced, the

13   Producing Party must determine which documents, or portions thereof, qualify for

14   protection under this Protective Order, then, before producing the specified

15   documents, the Producing Party must affix the appropriate legend ("Confidential"

16   or "Highly Confidential – Attorneys' Eyes Only") conspicuously on each page that

17   contains Protected Material.  If only a portion or portions of the material on a page

18   qualifies for protection, the Producing Party also must clearly identify the protected

19   portion(s) (*e.g.,* by making appropriate markings in the margins) and must specify,

20   for each portion, the level of protection being asserted (either "Confidential" or

21   "Highly Confidential – Attorneys' Eyes Only").

22           (b)    for testimony given in deposition, that the Party or non-party

23   offering or sponsoring the testimony identify on the record, before the close of the

24   deposition, all protected testimony, and further specify any portions of the

25   testimony that qualify as "Highly Confidential — Attorneys' Eyes Only."  When it

26   is impractical to identify separately each portion of testimony that is entitled to

27   protection, and when it appears that substantial portions of the testimony may

28   qualify for protection, the Party or non-party that sponsors, offers, or gives the

1    testimony may invoke on the record (before the deposition is concluded) a right to

2    have up to 30 days after the date of mailing of the final transcript to identify the

3    specific portions of the testimony as to which protection is sought and to specify

4    the level of protection being asserted ("Confidential" or "Highly Confidential —

5    Attorneys' Eyes Only").  Only those portions of the testimony that are

6    appropriately designated for protection within the 30-day period shall be covered

7    by the provisions of this Protective Order.

8         Where, in good faith, it is anticipated by counsel for the Party or non-party

9    who is testifying that the response to a question or series of questions could qualify

10   as "Highly Confidential — Attorneys' Eyes Only" protection, then, on the record,

11   counsel for the testifying Party or non-party shall ask all Party representatives or

12   non-parties to leave the deposition room during such testimony.  Upon the

13   completion of the questioning that is believed to qualify for "Highly Confidential

14   — Attorneys' Eyes Only" protection, all Party representatives or non-parties shall

15   be allowed to reenter the deposition room.  Transcript pages containing Protected

16   Material shall be separately bound by the court reporter, who shall affix

17   conspicuously on each such page the legend  "Confidential" or "Highly

18   Confidential — Attorneys' Eyes Only" as instructed by the Party or nonparty

19   offering or sponsoring the  witness or presenting the testimony.

20        (c)    for information produced in some form other than documentary,

21   and for any other tangible items, that the Producing Party affix in a prominent place

22   on the exterior of the container(s) in which the information or item is stored the

23   legend "Confidential" or "Highly Confidential — Attorneys' Eyes Only."  If only

24   portions of the information or item warrant protection, the Producing Party, to the

25   extent practicable, shall identify the protected portions, specifying whether they

26   qualify as "Confidential" or as "Highly Confidential —Attorneys' Eyes Only."

27        (d)    Inadvertent Failures to Designate.  If corrected within thirty (30)

28   days of disclosure, an inadvertent failure to designate qualified information or items

1    as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" does not,

2    standing alone, waive the Designating Party's right to secure protection under this

3    Order for such material.  If material is appropriately designated as "Confidential" or

4    "Highly Confidential — Attorneys' Eyes Only" after the material was initially

5    produced, the Receiving Party, on timely notification of the designation — within

6    thirty (30) days — must make reasonable efforts to assure that the material is

7    treated in accordance with the provisions of this Protective Order, subject to the

8    provisions below.

9    **6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

10         6.1.   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a

11   Designating Party's confidentiality designation must do so in good faith and must

12   begin the process by conferring directly with counsel for the Designating Party.  In

13   conferring, the challenging Party must explain the basis for its belief that the

14   confidentiality designation was not proper and must give the Designating Party an

15   opportunity to review the designated material, to reconsider the circumstances, and,

16   if no change in designation is offered, to explain the basis for the chosen

17   designation.  A challenging Party may proceed to the next stage of the challenge

18   process only if it has engaged or, in the event of non-cooperation, attempted to

19   engage, in this meet and confer process first.

20         6.2.   <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a

21   confidentiality designation after considering the justification offered by the

22   Designating Party may file and serve a motion that identifies the challenged

23   material and sets forth in detail the basis for the challenge.  Each such motion must

24   be jointly stipulated and filed pursuant to Local Rule 37, unless the circumstances

25   justify the filing of an ex parte application.  Until the Court rules on the challenge,

26   all parties shall continue to afford the material in question the level of protection to

27   which it is entitled under the Producing Party's designation.  The Designating Party

28   shall bear the burden of establishing the propriety of the challenged designation.

1

2  **7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

3          7.1.    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

4  disclosed or produced by another Party or by a non-party in connection with this

5  case only for prosecuting, defending, or attempting to settle this litigation.  Such

6  Protected Material may be disclosed only to the categories of persons and under the

7  conditions described in this Order.  Following final resolution of the litigation, a

8  Receiving Party shall comply with the provisions of section 11, below.  Protected

9  Material shall be stored and maintained by a Receiving Party at a location and in a

10  secure manner that reasonably ensures that access is limited to the persons

11  authorized under this Protective Order.

12          7.2.    <u>Disclosure of "Confidential" Information or Items</u>.  Unless otherwise

13  ordered by the Court or permitted in writing by the Designating Party, a Receiving

14  Party may disclose any information or item designated "Confidential" only to:

15          (a)     the Receiving Party's Outside Counsel of record in this action

16  (DONIGER / BURROUGHS APC for Plaintiff Susan Nicholson Hofheinz;

17  ROPERS MAJESKI KOHN & BENTLEY for Defendant Amazon.com, Inc.);

18          (b)     the officers, directors, and employees (including In-house

19  Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

20  litigation;

21          (c) experts (as defined in this Protective Order) of the Receiving Party

22  to whom disclosure is reasonably necessary for this litigation and who have signed

23  the "Agreement to Be Bound by Protective Order" (Exhibit A);

24          (d)     the Court and its personnel;

25          (e)     court reporters, their staffs, and professional vendors to whom

26  disclosure is reasonably necessary for this litigation;

27          (f)     during their depositions, witnesses in the action to whom

28  disclosure is reasonably necessary.  Pages of transcribed deposition testimony or

1   exhibits to depositions that reveal Protected Material shall be separately bound by

2   the court reporter and may not be disclosed to anyone except as permitted under

3   this Stipulated Protective Order. Any Party seeking to use "Confidential"

4   information during a deposition shall obtain a statement on the record that the

5   deponent and any other persons in attendance have agreed to abide by the terms of

6   this Protective Order.  If the deponent refuses to agree, disclosure of such

7   information to the witness during the deposition shall not constitute a waiver of

8   confidentiality, provided that, under such circumstances, the witness shall be asked

9   to read and sign the original deposition transcript in the presence of the court

10  reporter, and no copy of the transcript or related exhibits shall be given to the

11  deponent. The terms of this Protective Order shall apply to those persons in

12  attendance at the deposition(s) and shall require the exclusion of persons not subject

13  to the terms of the Protective Order from attending that portion of the deposition at

14  which "Confidential" information is discussed.

15          (g)     the author and named recipients of the document, persons who

16  have previously had access to the documents or Confidential Information other than

17  through discovery or disclosures in the litigation, and the original source of the

18  information.

19          (h)     Any person who the Parties agree in writing may receive

20  "Confidential" information.

21          7.3.    Disclosure of "Highly Confidential — Attorneys' Eyes Only"

22  Information or Items.  Unless otherwise ordered by the Court or permitted in

23  writing by the Designating Party, a Receiving Party may disclose any information

24  or item designated "Highly Confidential —  Attorneys' Eyes Only" only to:

25          (a)     the Receiving Party's Outside Counsel of record in this action

26  (DONIGER / BURROUGHS APC for Plaintiff Susan Nicholson Hofheinz;

27  ROPERS MAJESKI KOHN & BENTLEY for Defendant Amazon.com, Inc.);

28          (b)     Experts (as defined in this Protective Order) to whom disclosure

- 12 -

1  is reasonably necessary for this litigation and who have signed the "Agreement to

2  Be Bound by Protective Order" (Exhibit A);

3             (c)      the Court and its personnel;

4             (d)      court reporters, their staffs, and professional vendors to whom

5  disclosure is reasonably necessary for this litigation; and

6             (e)      during their depositions, witnesses in the action to whom

7  disclosure is reasonably necessary.  Pages of transcribed deposition testimony or

8  exhibits to depositions that reveal Protected Material shall be separately bound by

9  the court reporter and may not be disclosed to anyone except as permitted under

10  this Protective Order.  Any Party seeking to use "Highly Confidential - Attorneys'

11  Eyes Only" information during a deposition shall obtain a statement on the record

12  that the deponent and any other persons in attendance have agreed to abide by the

13  terms of this Protective Order.  If the deponent refuses to agree, disclosure of such

14  information to the witness during the deposition shall not constitute a waiver of

15  confidentiality, provided that, under such circumstances, the witness shall be asked

16  to read and sign the original deposition transcript in the presence of the court

17  reporter, and no copy of the transcript or related exhibits shall be given to the

18  deponent. The terms of this Protective Order shall apply to those persons in

19  attendance at the deposition(s) and shall require the exclusion of persons not subject

20  to the terms of the Protective Order from attending that portion of the deposition at

21  which "Highly Confidential - Attorneys' Eyes Only" information is discussed.

22  And, as set forth in Section 5.2(b) above, prior to the disclosure of "Highly

23  Confidential - Attorneys' Eyes Only" information or testimony in the deposition,

24  counsel for the testifying Party or non-party shall ask all Party representatives or

25  non-parties to leave the deposition room during such testimony.

26             (f)      the author and named recipients of the document, persons who

27  have previously had access to the documents or "Highly Confidential - Attorneys'

28  Eyes Only" Information other than through discovery or disclosures in the

1    litigation, and the original source of the information.

2              (g)    Any person who the Parties agree in writing may receive

3    "Highly Confidential - Attorneys' Eyes Only" information.

4         Nothing herein, however, is intended to prohibit or proscribe the ability of

5    outside counsel to provide to its client informed and meaningful advice, or to

6    prevent counsel from aggregating and generally summarizing counsel's

7    interpretation of the implications of such information as it relates to the litigation,

8    so long as it will not reveal or disclose the specific contents of any document or

9    information designated as "Highly Confidential — Attorneys' Eyes Only."

10

11   **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED
          PRODUCED IN OTHER LITIGATION**

12        If a Receiving Party is served with a subpoena or an order issued in other

13   litigation or Court proceedings that require disclosure of any information or items

14   designated in this action as "Confidential" or "Highly Confidential — Attorneys'

15   Eyes Only," the Receiving Party shall notify the Designating Party, in writing (by

16   fax, if possible) promptly and in no event more than four court days after receiving

17   the subpoena or order but before the scheduled date for production.  Such

18   notification shall include a copy of the subpoena or court order.

19        The Receiving Party shall also immediately inform in writing the Party who

20   caused the subpoena or order to issue in the other litigation or proceeding that some

21   or all the material covered by the subpoena or order is the subject to this Protective

22   Order.  In addition, the Receiving Party must deliver a copy of this Protective Order

23   promptly to the Party in the other action that caused the subpoena or order to issue.

24        The purpose of imposing these duties is to alert the interested parties to the

25   existence of this Protective Order and to afford the Designating Party in this case an

26   opportunity to try to protect its confidentiality interests in the court from which the

27   subpoena or order issued.  The Designating Party shall bear the burdens and the

28   expenses of seeking protection in that court of its confidential material — and

1   nothing in these provisions should be construed as authorizing or encouraging a

2   Receiving Party in this action to disobey a lawful directive from another court.

3   **9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

4          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

5   Protected Material to any person or in any circumstance not authorized under this

6   Protective Order, the Receiving Party must immediately:  (a) notify in writing the

7   Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve

8   all copies of the Protected Material; (c) inform the person or persons to whom

9   unauthorized disclosures were made of all the terms of this Order; and (d) request

10   such person or persons to execute the "Acknowledgment and Agreement to Be

11   Bound" that is attached hereto as Exhibit A.

12   **10.     FILING PROTECTED MATERIAL**

13          In the event that counsel for any Party decides to file with or submit to the

14   Court any Protected Material, counsel shall provide written notice to the other Party

15   and shall take appropriate steps to ensure the continuing confidentiality of the

16   Protected Material.  Counsel for the Party seeking to file or submit the Protected

17   Material to the Court shall request that the portion(s) of the document(s) containing

18   the Protected Materials be filed under seal by way of a written application and

19   proposed order, along with the portion(s) of the document(s) submitted for filing

20   under seal, in accordance with the Local Rules.  Pending the ruling on the

21   application, the papers or portions thereof subject to the sealing application shall be

22   lodged under seal.

23   **11.     FINAL DISPOSITION**

24          Once the case proceeds to trial, any document, material, or information

25   designated under this Protective Order introduced at trial will be presumptively

26   available to all members of the public, including the press, unless good cause is

27   shown to the District Judge in advance of the trial to proceed otherwise.  With

28   respect to any document, material, or information designated under this Protective

1    Order and not introduced at trial, after receiving notice of the entry of an order,

2    judgment, or decree finally disposing of this action, including any appeals

3    therefrom, and within sixty (60) days of receiving a request, all Persons described

4    in subparagraphs 7.2(a), 7.2(b), 7.2(c), 7.2(h), 7.3(a), 7.3(b), or 7.3(g) above who

5    have received any Protected Material produced by another Party shall, at the option

6    of the Party in possession thereof, either:  (a) return all such Protected Material and

7    all copies, compilations, and extracts thereof to counsel for the Producing Party; or

8    (b) destroy all such Protected Material and all copies, compilations, and extracts

9    thereof and submit to the Producing Party a declaration executed under penalty of

10   perjury under the laws of the United States attesting that such Person has destroyed

11   all Protected Material in such Person's possession custody or control, and all

12   copies, compilations, and extracts thereof, and that such Person has not retained any

13   Protected Material, or any copies, compilations, and extracts thereof, in any form.

14   With respect to Persons described in subparagraphs 7.2(a) or 7.3(a), a declaration to

15   such effect submitted by counsel of record on behalf of all attorneys and employees

16   of such counsel of record shall be sufficient to comply with the requirements of this

17   paragraph.

18   **12.   MISCELLANEOUS**.

19         12.1.  Right to Further Relief.  Nothing in this Protective Order

20   abridges the right of any person to seek its modification by the Court in the future.

21   The parties agree to abide by the terms of this Protective Order even before the

22   Court approves it.  Any ambiguity will be resolved in favor of maintaining the

23   confidentiality of any such documents or information.

24         12.2.  Right to Assert Other Objections.  By having stipulated to the

25   entry of this Protective Order, no Party waives any right it otherwise would have to

26   object to disclosing or producing any information or item on any ground not

27   addressed in this Protective Order.  Similarly, no Party waives any right to object

28   on any ground to use in evidence of any of the material covered by this Protective

1   Order.

2          12.3.   <u>Effect of Designation on Authenticity and Admissibility</u>.  The

3   placing of any confidentiality designation or a production identification label on the

4   face of any document shall not affect the document's authenticity or admissibility

5   in this action.

6          12.4.   <u>Continuing Jurisdiction</u>.  All provisions of this Protective Order

7   shall continue to be binding after the conclusion of this action in its entirety, unless

8   subsequently modified by agreement between the parties or order of the Court, and

9   the Court shall retain jurisdiction of this matter for the purpose of enforcing this

10  Protective Order.

11         IT IS SO ORDERED.

12

13  DATED:  July 24, 2013          _____

                                        Margaret A. Nagle
14                                    United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

     I, _____ [print or type full name], of _____ [print or type full company name and address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on July 24, 2013, in the case of *Susan Nicholson Hofheinz v. Café Press, Inc., et al.*, Case No. CV12-09306 DSF (MANx). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

     I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed:

Printed name:

Signature:_____

- 18 -